IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DONNA SYLVESTER,

        Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

        Defendant.

No.  03:11-CV-699-HZ

OPINION & ORDER

Merrill Schneider
Schneider Caver Law Offices
P.O. Box 14490
Portland, OR 97293

    Attorney for Plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Franco L. Becia
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98105

    Attorneys for Defendant

HERNANDEZ, District Judge:

Plaintiff Donna Sylvester brings this action for judicial review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or "Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. I have jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). For the following reasons, I reverse the Commissioner's decision and remand for further proceedings.

## BACKGROUND

Plaintiff, born on November 18, 1963 (Tr. 134), has a General Education Development degree (Tr. 32), and reports past work as a service clerk, mail clerk, store hand packer and order picker, and supervisor for the Salvation Army. Tr. 19. Plaintiff applied for DIB and SSI on March 20, 2008 (Tr. 11), alleging disability because of poor eye sight, chronic back and shoulder pain, depression, and diabetes, beginning on September 1, 2007. Tr. 164. Plaintiff's claims were denied initially and upon reconsideration (Tr. 11), and an Administrative Law Judge ("ALJ") held a hearing on February 22, 2010. Tr. 28-67. On March 19, 2010, the ALJ concluded that Plaintiff was not disabled. Tr. 11-19. The Appeals Council declined review of the matter on April 6, 2011, making the ALJ's decision the final decision of the Commissioner. Tr. 1-3.

///

///

2 - OPINION & ORDER

SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner.

In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one of the sequential proceedings the ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 1, 2007, the alleged onset of plaintiff's disability. Tr. 13. At step two, the ALJ identified Plaintiff's obesity, diabetes, chronic back and shoulder pain, and depression as "severe impairments[.]" Tr. 13. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal one of the listed impairments required to give rise to a presumption of disability. Tr. 14. At step four, the ALJ assessed Plaintiff's RFC as being able to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the additional restrictions of only "occasionally us[ing] her left non-dominant arm . . . perform[ing] simple repetitive 1-3 step tasks . . . and . . . only occasional contact with the public and coworkers." Tr. 16. Based on the RFC and testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff was capable of performing her past relevant work as a mail clerk. Tr. 18. As a result, the ALJ found that Plaintiff was not "disabled" within the meaning of the Act. Tr. 19.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r for Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th

Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of the Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, this court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing same).

## DISCUSSION

Plaintiff asserts that the ALJ erroneously assessed (1) her RFC; (2) the testimony of a lay witness; and (3) Plaintiff's ability to perform her past relevant work.

### I.     **Plaintiff's RFC**

Plaintiff asserts that the ALJ erred by failing to include her visual problems in her RFC. Pl.'s Br. 5.

#### A.     Standard

The medical opinion of a claimant's treating physician is given deference because he has the opportunity to know and observe the patient as an individual. Rodriguez v. Bowen, 876 F.2d

759, 761 (9th Cir. 1989). Although the ALJ is not required to discuss each piece of medical evidence, Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003), significant probative evidence cannot be dismissed without explanation. Flores v. Shalala, 49 F.3d 562, 571 (9th Cir. 1995). Instead, the ALJ must provide "specific, legitimate reasons . . . based on substantial evidence in the record[]" when disregarding the opinion of a treating physician. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).

    B.    Analysis

Plaintiff argues that she has vision limitations based on her testimony, the opinion of her treating physician Dr. Teresa Everson, and treatment notes by Dr. Dale Ogata. Pl.'s Br. 6. At the hearing, Plaintiff testified that she has an astigmatism and that it is difficult for her to read a newspaper. Tr. 46. Plaintiff also testified that she now wears bifocals and that she cannot see anything without them. Tr. 46. Dr. Everson's report states that Plaintiff experiences "decreased visual acuity" and limitations with reading due to an astigmatism. Tr. 241. The report also indicates that Plaintiff is unable to work with small objects requiring fine motor manipulation and hand-eye coordination. Tr. 241. Dr. Ogata diagnosed Plaintiff with hyperopia and astigmatism, but provides no explanation for the diagnosis. Tr. 319.

The ALJ recognized Plaintiff's vision problems in her decision, stating that "she has problems with her eye sight[.]" Tr. 15. However, the ALJ explains that "the record indicates that [Plaintiff] is capable of watching TV and driving a car[,]" thus, "[t]he claimant's own description of her ability to perform such tasks detracts from her credibility regarding her inability to perform basic work activities." Tr. 16. As a result, the ALJ determined that Plaintiff was not credible in reporting her vision limitations. Tr. 16-17.

Concerning the medical evidence, the ALJ gave "little weight" to Dr. Everson's opinion because it was in "check box format[.]" Tr. 17. Notably, the ALJ's review of Dr. Everson's report fails to discuss the contents of the report with respect to Plaintiff's vision problems. Tr. 17. The ALJ discusses Dr. Everson's report exclusively in terms of her recommendation for sedentary work. Tr. 17. In addition, the ALJ does not discuss Dr. Ogata's treatment notes. It is unclear whether the ALJ rejected these opinions regarding Plaintiff's vision, or if the ALJ concluded Plaintiff had no vision limitations even after considering these opinions. The ALJ is directed to clarify her findings with respect to Plaintiff's vision.

## II.   Lay Witness Testimony

Plaintiff alleges that the ALJ erred by failing to expressly adopt or reject the testimony of a lay witness. Pl.'s Br. 9-11.

### A.   Standard

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." Stout v. Comm'r, Soc. Sec. Admin, 454 F.3d 1050, 1053 (9th Cir. 2006). Such testimony is competent evidence and "*cannot* be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons "germane to each witness." Id. Moreover, the reasons must be specific. See Stout, 454 F.3d at 1054 (explaining that "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony").

### B.   Analysis

The ALJ noted that Plaintiff's lay witness, Rachelle Krismer, observed that Plaintiff was "able to cook TV dinners, wash dishes for up to an hour, and is able to drive a car." Tr. 18. Ms.

Krismer also stated that Plaintiff is able to lift 10 pounds and can walk for 20 minutes. Tr. 18. The ALJ concluded, however, that "because this party has a personal relationship with [Plaintiff] and lacks the expertise to offer an objective or functional assessment, her statements regarding [Plaintiff]'s symptoms and limitations are *considered with caution*." Tr. 18. (emphasis added). The ALJ did not specifically accept or reject Ms. Krismer's testimony.

Lay witnesses are not required to have expertise in order to offer observations of a claimant's symptoms. See 20 C.F.R. § 404.1513(d) (providing that lay witness testimony may be introduced "to show the severity of . . . impairment(s) and how it affects . . . ability to work"); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). Moreover, it is error for the ALJ to reject Ms. Krismer's testimony solely because she "has a personal relationship" with Plaintiff. Every lay witness has some sort of personal relationship with the person for whom they are testifying. See Dodrill, 12 F.3d at 918-19.

Defendant cites Greger v. Barnhart, 464 F.3d 968 (9th Cir. 2006), to argue that a "personal relationship" is sufficient grounds to reject a lay witness's testimony. Id. at 972. In Greger, the Ninth Circuit affirmed the ALJ did not err in finding the lay witness, plaintiff's former girlfriend, not credible. The ALJ had determined that the plaintiff's former girlfriend made statements "inconsistent with" the medical record. Id. at 971-72. The Court then explained that the ALJ "*also considered* [the] close relationship" with the plaintiff and that the witness "was possibly influenced by her desire to help[.]" Id. (emphasis added). Thus, while a close personal relationship is relevant, it is not dispositive. Here, unlike Greger, the ALJ used the "personal relationship" as the primary reason for considering Ms. Krismer's testimony with

caution. Moreover, the ALJ neither discussed the nature of the relationship between Plaintiff and Ms. Krismer, nor pointed to any facts supporting the notion that Ms. Krismer was in any way influenced by her desire to help Plaintiff. Because it is unclear whether the ALJ accepted or rejected Ms. Krismer's testimony, the ALJ is directed to clarify her findings.

### III.  Past Relevant Work

The VE testified that Plaintiff's "residual functional capacity permits [Plaintiff] to perform [her] past relevant work as a Mail Clerk." Tr. 19. The ALJ relied on this testimony and concluded that Plaintiff is able to perform her past relevant work as a mail clerk as it is "actually and generally performed." Tr. 19.

Plaintiff asserts that the ALJ erred by concluding that she was capable of performing her past work as a mail clerk because her RFC limits her to simple, repetitive, 1-3 step tasks. Pl.'s Br. 8. Plaintiff argues that in the Dictionary of Occupational Titles ("DOT"), the job of "mail clerk . . . has a reasoning level of three." Id. at 9; see also DOT 209.687-026. A reasoning level of three requires the person to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." DOT, Appendix C. According to Plaintiff, because of the required level three reasoning, the job "is incompatible with a limitation to simple, repetitive work." Pl.'s Br. 9.

Defendant explains that reasoning levels are classified by the DOT under General Educational Development ("GED"), which is an assessment of three areas of educational development: reasoning, mathematics, and language. Def.'s Br. 10. According to Defendant, GED "describe[s] the general educational background that makes an individual suitable for the job," of which reasoning is only one component. Id. Thus, Defendant argues that the reasoning

9 - OPINION & ORDER

levels in the DOT are not strictly correlated to the restrictive language involving simple repetitive work in the RFC.  Id. at 13.  In short, Defendant argues that Plaintiff's educational background qualifies her to perform the mail clerk job, despite the level three reasoning requirement and the limitation imposed by her RFC to perform only simple, repetitive, 1-3 step tasks.  Id. at 11.

      Deviation from the DOT is permitted when persuasive evidence in the record demonstrates that a plaintiff could perform a particular job, even if that job requires a higher level of reasoning.  See Wentz v. Astrue, No. 08-CV-661-PK, 2009 WL 3734104, *9-10 (D. Or. Nov. 4, 2009).  In Wentz, the plaintiff argued that the VE deviated from the DOT without explanation and that her limitation to simple repetitive work precluded jobs requiring level three reasoning.  Id. at 9.  The court rejected this argument, stating that "the record contains persuasive evidence to support the deviation."  Id.  The court explained that the plaintiff "has a high school education" and there was "no evidence of mental impairment."  Id.  Here, the record demonstrates that the ALJ never asked the VE to explain the deviation from the DOT's requirement of level three reasoning for the mail clerk occupation, when Plaintiff is limited to simple, repetitive tasks.  Moreover, the ALJ did not cite to any evidence that would support the deviation.  See James v. Astrue, 07-CV-6350-HA, 2008 U.S. Dist. LEXIS 118685, *8 (D. Or. Nov. 17, 2008) (deviation "would only be acceptable had the ALJ questioned the VE regarding the deviation and then provided persuasive evidence to support the finding" that the plaintiff could perform higher level reasoning occupations).

      It is unclear whether there is evidence in the record that Plaintiff suffers from a diminished mental capacity that would preclude her from performing the mail clerk occupation

as she had done before. The ALJ is directed to clarify her findings regarding the deviation from the DOT's level three reasoning requirement for the mail clerk occupation.

IV. Remand

Having found that the ALJ erred, I must determine whether to remand this matter for further proceedings or to remand for calculation of benefits. "[R]emand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings "turns upon the likely utility of such proceedings." Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000).

In this matter, I find it necessary to remand for further proceedings so that the ALJ may clarify her findings regarding Plaintiff's vision problems, Ms. Krismer's lay witness testimony, and Plaintiff's ability to perform the mail clerk occupation.

CONCLUSION

Based on the foregoing, this Court reverses the Commissioner's final decision and remands this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

Dated this 13 day of July, 2012

MARCO A. HERNANDEZ
United States District Judge

11 - OPINION & ORDER